**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10025 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00251-MMC-1 |
| v. | |
| FREDERICK LIM JOHNSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted March 14, 2011
San Francisco, California

Before:  WALLACE, NOONAN, and CLIFTON, Circuit Judges.

Frederick Lim Johnson appeals from the district court's conviction and

imposition of a life sentence.  We have jurisdiction over this timely appeal under

28 U.S.C. § 1291 and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**I.**

"'We review a district court's finding that a pre-arraignment delay was reasonable for clear error.'" *United States v. Liera*, 585 F.3d 1237, 1242 (9th Cir. 2009), *quoting United States v. Padilla-Mendoza*, 157 F.3d 730, 732 (9th Cir. 1998). There was no clear error. Even if there were, in light of the corroborated independent evidence against Johnson, any error regarding the admission of the statements was harmless; therefore, reversal on this ground is inappropriate. *See id.* at 1244 ("An error is harmless if it is more probable than not that the error did not materially affect the verdict" (internal quotations omitted)); *Olivas v. State of Ariz. ex rel. Eyman*, 447 F.2d 974, 975–76 (9th Cir. 1971).

**II.**

We "review de novo whether references to a defendant's silence violate his Fifth Amendment right to remain silent." *United States v. Pino-Noriega*, 189 F.3d 1089, 1098 (9th Cir. 1999). "[U]nder our precedent, prosecutorial comments on failure to testify only require reversal 'where such comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis for the conviction, and where there is evidence that could have supported acquittal.'" *Beardslee v. Woodford*, 358 F.3d 560, 587 (9th Cir. 2004), *quoting Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir. 1987). Because there was extensive evidence in the record of

2

Johnson's guilt, very little evidence that supported acquittal, and because the trial judge gave a curative instruction, any *Doyle* error was harmless. *See Lincoln*, 807 F.2d at 809.

## III.

"We review the denial of a motion for a mistrial under the abuse of discretion standard." *United States v. Fernandez,* 388 F.3d 1199, 1240 (9th Cir. 2004). In light of the evidence supporting Johnson's conviction, any error regarding the three objected to brief statements suggesting Johnson's prior incarceration was harmless. *See United States v. Guerrero*, 756 F.2d 1342, 1347 (9th Cir. 1984). Similarly, any cumulative error that rendered Johnson's trial fundamentally unfair was harmless. *See United States v. Berry*, 627 F.2d 193, 201 (9th Cir. 1980).

**AFFIRMED.**